## (November 16, 1956)

■ In the Matter of MOREDALL REALTY CORPORATION et al., Appellants. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, affirming the decision of a referee which denied applications for refunds and assessed additional contributions, in the cases of six alleged employers tried together, upon 'a finding that the various musicians who performed in appellants' respective theatres during the periods in issue were appellants' employees. Each case involves the so-called form B contract, the essential provisions of which have been considered in other cases. (See *Matter of Cassetta* [*Corsi*], 282 App. Div. 793, motion for leave to appeal denied 306 N. Y. 982; *Matter of Hotels Statler Co.* [*Corsi*], 279 App. Div. 814, motion for leave to appeal denied 304 N. Y. 987; *Matter of Savoy Ballroom Corp.* [*Lubin*], 286 App. Div. 684.) The board gave evidentiary effect to the contract terms, including the designation of the theater owner or operator as the employer and the provision that the employer should have complete control of the musicians' services, and, in addition, found control and supervision were exercised, in fact, by the promulgation and enforcement of rules as to the deportment, dress and conduct of the musicians. Further, one band leader, whose testimony was by stipulation made applicable to all other bands of the same class, testified to acts of supervision and control with respect to musical selections and routines. Upon the entire record, we find that evidence no less substantial than that upon which similar determinations of the board were affirmed in the *Statler* and *Cassetta* cases (*supra*) which seem to us to require the same holding here upon the issue of employment status. We do not consider this result inconsistent with that reached in the *Savoy* case (*supra*) relied upon by appellants. There we held that the board erred in two particulars,—first, in assuming that, as a matter of law, the form B contract makes the operator the employer, and, in consideration of that assumption, making no finding as to control and supervision, in fact, or even as to the right to supervise and control; and, second, in ascribing no effect to the addition to the contract of a rider completely at variance therewith. We held, " The board should decide the question of the true relationship as a question of fact, not only in the light of the form B contract but also in the light of the rider B and the receipt, and in the light of the evidence as to the actual intent of the parties " (p. 693). Thereupon the case was remitted to the board for further proceedings. This case involves, also, a controversy as to the method of assessment of the employers' contributions, which the board held should be computed upon the gross remuneration paid for the services of the musicians collectively, without regard to the actual amount received by any individual. It is argued, that, upon the apparently unequal rates of compensation actually in force as between the musicians, the leader and perhaps others, received in a period less than the duration of the employment, the statutory maximum of $3,000 subject to contributions in any year, with the result that the employers are now compelled to pay excessive contributions. The respondent argues that the employers' predicament is due to their failure to maintain the wage records required by section 575 of the Labor Law and regulation 21 of the Industrial Commissioner. Under the form B contract the band leader was required to furnish to the employer a statement showing the distribution of the remuneration (unless that should be indicated on the contract document) and receipts therefor from each employee, including himself. With this information, wage records might have been compiled. While we agree that the commissioner was not required

to go beyond the employers and to the band leaders for information which the employers were required to record and apparently had the means of obtaining, we consider that, in order to avoid a result that may well be unconscionable, in those instances where the assessment was against the gross amount paid to the leaders for distribution, the employers should be afforded the opportunity to offer proof of the remuneration actually received by the individual employees and that the matter should be remitted for that sole purpose. Decision reversed and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, without costs. Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ., concur.